NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
COUNTY OF SUTTER, SHERIFF BRANDON BARNES,
MARK HYLEN, ERNESTO CHAVEZ, HARRISON EIDE, and
MICHAEL AGUILAR

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COMER,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SUTTER, SHERIFF BRANDON BARNES, in his individual and official capacity, MARK HYLEN, ERNESTO CHAVEZ, HARRISON EIDE, MICHAEL AGUILAR, and DOES 1 through 25 inclusive,<br><br>Defendants. | Case No. 2:22-CV-00079-TLN-CSK<br><br>**STIPULATION AND ORDER TO AMEND CASE SCHEDULE** |

All parties, by and through their respective attorneys of record, submit this Stipulation and Proposed Order wherein they stipulate as set forth below and hereby move this Court to modify its Scheduling Order, entered on August 12, 2024 (ECF 39). The parties stipulate that good cause exists to amend the operative scheduling order as indicated below.

1. WHEREAS, as the Court is aware, the defense is seeking to depose the Plaintiff, who is in custody at the Folsom State Prison (FSP). The Court has already granted a stipulation and provided an Order to allow this deposition to go forward.  (see ECF 42).

2. WHEREAS, several additional steps are needed to be able to complete the Plaintiff's deposition, including permission of the Warden of FSP (the defense has written him a

letter as instructed), security clearance of all persons to enter, including attorneys, the court reporter and videographer, as well as to clear the date with FSP and to ensure they have the ability and facilities to accommodate the persons who planned on attending.

3. WHEREAS, the parties are actively working with the FSP Litigation Unit to schedule Plaintiff's in-person deposition. However, the parties were informed that this deposition would be the first in-person deposition that the FSP has hosted since the COVID pandemic so there are also additional logistical hurdles internal to FSP. The Litigation Unit have advised counsel that due to current logistical issues, available conference space and other security issues, which is also impacted by the holidays in November and December, and per the parties' availability, this deposition cannot now occur until January 27, 2025, the next available date for FSP to host Plaintiff's deposition and all counsel are available on that date.

4. WHEREAS, the parties have met and conferred and have agreed, subject to the Court's approval, to move back relevant dates and deadlines to allow this deposition to occur on January 27th, and have a relevant time period thereafter for follow up discovery and preparation for expert disclosures and discovery.

5. WHEREAS, the parties are also still awaiting the Court's ruling on Defendants' Motion to Bifurcate (ECF 35), taken under submission by the Court (ECF 37), which could also result in an effect to discovery, as well as the parties' expert disclosures and expert depositions.

6. WHEREAS, the parties are also discussing conducting ADR after Plaintiff's deposition as all key parties will be deposed by that point in time, and this extension in the schedule will allow for such ADR to occur prior to the parties likely incurring additional discovery costs.

7. WHEREAS, there is no trial date set in this matter. The parties have sought and been granted several prior extensions, but this case has been moving forward in discovery and has been complicated and slowed down at times by the incarceration of Plaintiff.

8. THEREFORE, per the good cause showing, the parties stipulate that, subject to the

Court's approval, the Case Pretrial Schedule should be modified as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery | December 26, 2024 | **March 28, 2025** |
| Expert Disclosures | February 17, 2025 | **May 16, 2025** |
| Rebuttal Expert Disclosures | March 7, 2025 | **June 20, 2025** |
| Last Day to File Dispositive Motion | April 17, 2025 | **August 8, 2025** |

IT IS SO STIPULATED

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below, which shall serve in lieu of the actual signatures on the document(s).

Dated:  November 8, 2024    PERTER GOLDSTEIN LAW CORP

By:   /s/ Peter Goldstein
    Peter Goldstein
    Attorneys for Plaintiff

Dated:  November 8, 2024    LAW OFFICES OF ROBERTO MARQUEZ

By:   /s/ Roberto Marquez
    Roberto Marquez
    Attorneys for Plaintiff

Dated:  November 8, 2024    MCNAMARA, AMBACHER, WHEELER,
    HIRSIG & GRAY LLP

By: /s/ Noah G. Blechman
    Noah G. Blechman
    John J. Swafford
    Attorneys for Defendants
    COUNTY OF SUTTER, SHERIFF BRANDON
    BARNES, MARK HYLEN, ERNESTO CHAVEZ,
    HARRISON EIDE, and MICHAEL AGUILAR

STIPULATION AND ORDER TO AMEND CASE    3
SCHEDULE 2:22-CV00079-TLN-CSK

# ORDER

Pursuant to the stipulation of the parties, and with good cause appearing therefore, IT IS HEREBY ORDERED that the Pretrial Scheduling Order in this case be modified as follows:

| Event | New Deadline |
|---|---|
| Close of Fact Discovery | **March 28, 2025** |
| Expert Disclosures | **May 16, 2025** |
| Rebuttal Expert Disclosures | **June 20, 2025** |
| Last Day to File Dispositive Motion | **August 8, 2025** |

**IT IS SO ORDERED.**

Dated: November 12, 2024

_____
Troy L. Nunley
Chief United States District Judge