UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COMER, | No. 2:22-cv-00079-TLN-CSK |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF SUTTER, et al., | |
| Defendants. | |

This matter is before the Court on the County of Sutter, Sheriff Brandon Barnes, Mark Hylen, Ernesto Chavez, Harrison Eide, and Michael Aguilar's (collectively, "Defendants") Motion to Bifurcate. (ECF No. 35.) Plaintiff Jeffrey Comer ("Plaintiff") filed an opposition. (ECF No. 36.) Defendants filed a reply. (ECF No. 38.) For the reasons set forth below, Defendants' Motion to Bifurcate is DENIED.

///

///

///

///

///

///

///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an officer-involved shooting on October 9, 2020, in unincorporated Sutter County near the Feather River.  (ECF No. 36 at 3-4.)  Sutter County Deputies shot Plaintiff while he was being arrested on an outstanding warrant for attempted murder.  (ECF No. 35 at 2.) Plaintiff alleges he was unarmed and riding his bicycle away from the deputies at the time of the shooting.  (ECF No. 36 at 4.)  Plaintiff further alleges he suffered injuries to his buttocks and wrist.  (*Id.*)

On January 12, 2022, Plaintiff filed the instant Complaint, alleging four causes of action under 42 U.S.C. § 1983 ("§ 1983"): (1) excessive force in violation of the Fourth Amendment, brought against the named deputies in their individual and official capacities; (2) *Monell* liability based on a theory of failure to train; (3) *Monell* liability based on a theory of unconstitutional custom or policy; and (4) *Monell* liability based on a theory of ratification.  (ECF No. 1.)  No dispositive motions have been filed or heard in this case, and the parties are "in the early stages of exchanging discovery."  (ECF No. 35 at 3.)

On May 22, 2024, Defendants filed the instant motion to bifurcate discovery and trial of the individual liability claim (Claim One) from the *Monell* liability claims (Claims Two through Four).  (ECF No. 35.)  On June 4, 2024, Plaintiff filed an opposition.  (ECF No. 36.)  On June 12, 2024, Defendants filed a reply.  (ECF No. 38.)

### II.   STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure ("Rule") 42(b), the district court may order separate trials of one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  "While separation of issues is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth."  Fed. R. Civ. P. 42(b) Advisory Committee Notes (1966 Amend).  The court has broad discretion in deciding whether to bifurcate a trial.  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1012 (9th Cir. 2004).  Courts may consider several factors in determining whether bifurcation is appropriate, including but not limited to whether bifurcation would: (1) promote efficient judicial administration; (2) avoid

1 prejudice to the parties; (3) reduce the risk of jury confusion; or whether (4) the issues are clearly
2 separable.  *See Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982); *Lam Research Corp. v.*
3 *Schunk Semiconductor*, 65 F. Supp. 3d 863, 865 (N.D. Cal. 2014).

   The party requesting bifurcation has the burden of proving that bifurcation is justified
given the particular circumstances.  *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D.
99, 101 (N.D. Cal. 1992) (noting that the party seeking bifurcation has the burden of
demonstrating "bifurcation will promote judicial economy and avoid inconvenience or prejudice
to the parties"); *Afshar v. City of Sacramento*, No. CIV S–04–1088LKKJFB, 2007 WL 779748, at
*1 (E.D. Cal. Mar. 14, 2007) ("Defendant has failed to meet its burden of demonstrating that
bifurcation is warranted.").

**III.     ANALYSIS**

The Court will address the parties' arguments within the framework of the Rule 42(b)
factors as set forth in *Hirst*.  676 F.2d at 1261.

   A.     <u>Judicial Economy</u>

Defendants argue bifurcation of the instant case serves judicial economy because "a
constitutional finding is a threshold issue, before *Monell* even becomes relevant" and "without an
underlying constitutional violation, Plaintiff's *Monell* theories are moot and not viable."  (ECF
No. 35 at 6.)  Plaintiffs assert in opposition that bifurcating the *Monell* claims "could result in
repetition and redundancy, which would result in inefficiency, waste of judicial resources and
waste of jury time."  (ECF No. 36 at 3.)

The Court is not persuaded by Defendants' argument that bifurcation of the individual
deputies' liability claims and *Monell* liability claims serves the interest of judicial economy.
Defendants cite to *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) and a line of other
cases for the proposition that "there is no *Monell* case if there is no underlying constitutional
violation."  (ECF No. 35 at 6.)  However, this expansive reading of *Heller* ignores the fact that an
exoneration of individual officers is not always dispositive to a plaintiff's *Monell* claims.  *See*
*Fairley v. Luman*, 281 F.3d 913, 917–18 (9th Cir. 2002) (finding "[t]he evidence admitted at trial
was legally sufficient to permit a reasonable jury to find the City liable under [plaintiff's] § 1983

1   *Monell* claim even though the jury found the individual defendants inflicted no constitutional
2   harm"); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1142–43 (9th Cir. 2012) (adopting the rule in
3   *Fairley* — "[i]f a plaintiff establishes he suffered a constitutional injury *by the City*, the fact that
4   individual officers are exonerated is immaterial to liability under § 1983" — and stating that
5   exoneration of individual officers by qualified immunity is not automatically dispositive of
6   *Monell* claims (emphasis in original)); *Est. of Alderman v. City of Bakersfield*, No. 1:16-cv-
7   00994-DAD-JLT, 2018 WL 4156740, at *3 (E.D. Cal. Aug. 28, 2018) (finding that *Monell*
8   allegations relative to a city's misconduct in investigating plaintiff's death "may suffice as the
9   basis for an independent constitutional injury . . . [and] [t]his example alone warrants declining to
10  bifurcate the trial"); *Est. of Matus by and through G.M. v. Cnty. of Riverside*, No. 5:23-cv-00506-
11  MEMF-SP, 2024 WL 3758011, at *4–5 (C.D. Cal. Aug. 9, 2024) (declining to bifurcate *Monell*
12  claims because some claims were "not based upon the actions of individual officers" and because
13  "*Monell* claims are not precluded" if officers are exonerated under qualified immunity).

14        Defendants cannot guarantee that trial of the individual deputies' liability claims would be
15  dispositive to Plaintiff's *Monell* claims.  First, an exoneration of the deputies by way of qualified
16  immunity would not automatically preclude the County's liability under Plaintiff's *Monell*
17  theories.  *See Fairley*, 281 F.3d at 917.  In that circumstance, Plaintiff may still succeed on
18  showing a constitutional deprivation for which the individual deputy Defendants are shielded by
19  qualified immunity — but not the municipality under *Monell*.  Second, Defendants cannot show
20  with certainty that a single trial will dispose of this matter.  Defendants may lose a trial of the
21  individual deputies' liability claims and consequently the parties would require a second trial for
22  the bifurcated *Monell* claims.  This scenario is contrary to Defendants' assertion — without any
23  authority — that County indemnification of the deputies would end the litigation.  (ECF No. 35 at
24  7 ("Plaintiff cannot recover additional damages for any *Monell* claim as Plaintiff's damages are
25  what Plaintiff's damages are for the claimed unlawful use of force . . . .").)  Either scenario
26  impedes judicial economy with duplicative proceedings.  These reasons alone preclude
27  bifurcation, particularly at this early stage where Plaintiff's allegations have not been tested by
28  dispositive motion practice.

Accordingly, Defendants do not meet their burden to show that bifurcation furthers judicial economy in the instant case.

### B. Prejudice

Defendants argue evidence supporting *Monell* liability "is likely to be prejudicial to the individual [D]efendants." (ECF No. 35 at 9.) Defendants further argue that by granting bifurcation, the Court will avoid prejudice to the individual deputies because admitting evidence related to the *Monell* claims could confuse the jury. (*Id.* at 10.) In opposition, Plaintiff states in a conclusory fashion that Defendants have not shown bifurcation will avoid undue prejudice. (ECF No. 36 at 7.)

Defendants cite to *Atencio v. Arpaio*, No. CIV. 12-2376-PHX-PGR, 2013 WL 5327382 (D. Ariz. Sept. 24, 2013) and *Quintanilla v. City of Downey*, 84 F.3d 353, 356, (9th Cir. 1996) to bolster their claims that bifurcation is necessary to avoid prejudice. (ECF No. 35 at 9–10.) *Atencio* cites to several cases in which trial was bifurcated to separate *Monell* claims based on concerns about prejudice, but unlike the instant case, in *Atencio* "plaintiffs' allegations in the complaint include events that occurred more than 20 years ago, long before the individual defendants were employed by Maricopa County." 2013 WL 5327382, at *5 (internal quotations and citation omitted). Further, the plaintiff's strategy in *Quintanilla* was to introduce evidence of other police dog attacks to convince the jury to award damages in his case. 84 F.3d at 355. No evidence yet exists in the record to show that Plaintiff will employ a similar strategy in this case — to say so at this early juncture is purely speculative.

While Defendants are correct there is a risk of prejudice to the deputies in jointly trying individual and *Monell* claims, that prejudice may be mitigated by a curative instruction to the jury. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 806–07 (9th Cir. 2018) ("Though some of the evidence relevant to the *Monell* claims was irrelevant to individual liability, the district court's many limiting instructions cured any possible prejudice."); *Est. of Alderman*, 2018 WL 4156740, at *2 (same). Further, Defendants seem to argue the *Monell* claims would be moot if the individuals are found liable at trial because the County would be liable for damages awarded against its employees. However, such an argument negates the independent

5

constitutional injuries that Plaintiff allegedly suffered at the hands of the municipality and ignores the "validity and import of non-economic objectives a plaintiff may have for their litigation." *Trexler v. City of Belvidere*, No. 20 CV 50113, 2021 WL 493039, at *6 (N.D. Ill. Feb. 10, 2021).

Accordingly, Defendants fail to show the risk of prejudice justifies bifurcation of the instant case.

### C.     Confusion

Defendants argue "admitting evidence related to the *Monell* claim could confuse the jury," as "potential evidence" of other use of force incidents "could influence the jury's consideration of the individual excessive force claim against the deputies." (ECF No. 35 at 10.)  Plaintiff counters by arguing that bifurcation could increase "the risk of jury misunderstanding due to the complexity of issues." (ECF No. 36 at 6–7.)

Neither party cites any case law for their vague assertions.  The Court finds that any possible juror confusion can be remedied with a limiting jury instruction.  Indeed, "there are less burdensome ways to deal with potentially prejudicial and confusing evidence than bifurcating the trial." *Afshar*, 2007 WL 779748, at *2.

Accordingly, Defendants' fail to establish that any potential confusion justifies bifurcation in this case.

### D.     Separable Issues

Defendants argue "Plaintiff's individual liability claim . . . is an entirely separate issue from his *Monell* claims against the County." (ECF No. 35 at 11.)  Defendants assert that evidence anticipated to establish individual deputies' liability "would not overlap much, if at all, with evidence required to establish this single use of force incident was part of a pattern and practice of similar violations." (*Id.*)  Plaintiff states in opposition, without advancing any substantive argument, that the "*Monell* claims are tied inextricably with the individual Fourth Amendment claims." (ECF No. 36 at 6–7.)

Courts often bifurcate cases when they find "the evidence relevant to the claims against the individual officers does not overlap in any meaningful way with the evidence relevant to the claims against the [municipality]." *Boyd v. City and County of San Francisco*, No. C-04-5459

MMC, 2006 WL 680556, at *2 (N.D. Cal. Mar. 14, 2006); *see also Estate of Lopez v. Suhr*, No. 15-cv-01846-HSG, 2016 WL 1639547, at *7 (N.D. Cal. Apr. 26, 2016) ("Plaintiffs' claims against Chief Suhr are conceptually distinct from their claims against the Officers: their ratification theory involves only post-shooting facts, while their failure to train theory involves pre-shooting facts that do not directly relate to Perez Lopez's case."); *cf. McCoy v. City of Vallejo*, No. 2:19-cv-001191-JAM-CKD, 2021 WL 492535, at *2 (E.D. Cal. Feb. 10, 2021) (denying bifurcation because "[m]uch of the evidence that will be presented to establish that the five officers are individually liable overlaps with the evidence required to establish that [plaintiff's] death was part of a pattern and practice of similar violations").

In the instant case, all of Plaintiff's *Monell* claims are premised on the alleged Fourth Amendment violation by the individual deputy Defendants. (*See* ECF No. 1 at 8–15.) To prove Plaintiff's *Monell* theories of pattern, practice, ratification, or failure to train at a bifurcated trial would necessarily require evidence of the underlying individual constitutional violation as a touchstone for each theory. This is exactly the type of evidence that meaningfully overlaps between individual officer liability and *Monell* liability.

Accordingly, Defendants have not met their burden to show that the issues do not overlap in any meaningful way to justify bifurcation.

**IV.   CONCLUSION**

Based on the foregoing, Defendants' Motion to Bifurcate is hereby DENIED. (ECF No. 35.)

IT IS SO ORDERED.

DATE: December 5, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE